UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEROME POWELL,

                         Petitioner,

            v.                                            **DECISION AND ORDER**
                                                         05-CV-782S

UNITED STATES PAROLE COMMISSION and
UNITED STATES MARSHALS SERVICE,

                         Respondents.

## I. INTRODUCTION

Jerome Powell ("Powell" or "petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his federal due process rights were violated in connection with his parole revocation because: (1) he did not receive notice or timely dispositional review of the United States Parole Commission's ("the Commission") violation warrant, and (2) he has not yet received a revocation hearing and the statutory time period for such hearing has expired. Powell contends that the appropriate relief for the Commission's failure to act within statutory time limits is his immediate release from custody. Alternatively, Powell seeks a writ of mandamus, pursuant to 28 U.S.C. § 1361, compelling the Commission to conduct his parole revocation hearing.

Respondents have filed an answer to the petition, with exhibits, and a supporting memorandum of law. Powell was given the opportunity to file a response, but did not do so. For the reasons that follow, the petition is denied.

## II. BACKGROUND

On December 6, 1984, Powell pled guilty in the United States District Court for the Eastern District of Virginia to committing armed bank robbery on March 9, 1984.  The District Court sentenced Powell, on December 27, 1984, to a 12-year prison sentence.  Powell was released on parole on January 2, 1990, with a sentence expiration date of October 8, 1996.

Following his release, Powell violated his parole on several occasions.  In his first year of release, Powell was convicted on three counts of armed robbery in Massachusetts.  As a result of those violations, the Commission revoked Powell's parole and declined to grant him the time he had spent on parole (his "street time") toward satisfaction of his original 12-year sentence.  When Powell again was released to parole supervision on November 22, 1996, his new sentence expiration date, following the forfeiture of his street time, was March 26, 2003.

Well before the new expiration date, Powell committed administrative violations of his parole in 1997 and 1998.  The Commission offered Powell a parole revocation proposal relative to the 1998 violations,[1] which he accepted.  Pursuant to that agreement, Powell was released on November 5, 1999, with a new sentence expiration date of May 16, 2003.

The circumstances giving rise to this petition involve Powell's next violation.  On January 25, 2001, Powell's probation officer informed the Commission that Powell had been indicted for a string of eight robberies in Brooklyn, New York in which he displayed

---

[1]  The Commission issued a warrant in connection with the 1997 violations, but subsequently withdrew it because Powell was in state custody on a Massachusetts parole violation warrant relating to the same conduct.

what appeared to be a handgun, and that he was in custody pending disposition of those charges.  Based on this information, the Commission issued a violator warrant on March 8, 2001, and directed the United States Marshals Service ("the Marshal") to place a detainer and assume custody of Powell upon his release from state custody.

On March 29, 2005, the Marshal gave notice to the Commission that it would arrest Powell on April 25, 2005 and remand him to the Erie County Medical Center due to his need for kidney dialysis.  On April 1, 2005, Powell was informed by the New York State Department of Correctional Services that he would be taken into federal custody upon his release from his state sentence.  On April 2, 2005, Powell submitted to the Commission a written application seeking withdrawal of the detainer.  The record does not reflect any action taken by the Commission with regard to Powell's submission.

On April 19, 2005, the Commission supplemented its warrant to reflect the fact that Powell had been convicted on three of the eight counts of robbery with which he had been charged.  On that same date, the Commission contacted the Federal Bureau of Prisons ("BOP") seeking Powell's expedited designation to a BOP facility equipped to provide him with kidney dialysis.  Powell was taken into custody on April 25, 2005 and was housed at the Erie County Holding Facility.

On June 2, 2005, the BOP advised the Commission that Powell was fifteenth on a waiting list for transfer to a BOP facility with dialysis beds and would not be designated prior to the July 23, 2005[2] deadline for his revocation hearing.  The Commission explored moving Powell to a BOP facility without dialysis capability for purposes of the hearing, but

---

[2]  This date is 90 days after Powell was retaken into federal custody.

was told no such designation could be made without medical clearance.  As of July 22, 2005, Powell had moved to eleventh on the pending dialysis list.  He remained in that same slot as of September 1, 2005.  On October 31, 2005 the Commission decided to hold Powell's institutional revocation hearing at the Erie County Holding Facility rather than continuing to wait for the BOP to place him in a federal facility.  The Commission recommended that the hearing take place on a Tuesday or Thursday, the only weekdays Powell was not transported to a medical center for dialysis.  The revocation hearing was held on December 6, 2005.  During the hearing, Powell admitted to the three Brooklyn robberies for which he had been convicted, but denied the five others alleged in the Commission's warrant.

The hearing examiner determined that Powell's reparole guideline range was 100-148 months, but that his mandatory release date from his original 12-year sentence would be after 80 months.  The examiner recommended that the Commission revoke parole and continue Powell to the expiration of his original sentence—a recommendation below the reparole guideline range.  The Commission accepted that recommendation and, on December 21, 2005, issued a Notice of Action revoking Powell's parole, declining to credit him with any street time, and ordering that he remain in custody until his sentence expired on September 6, 2007.

# III. DISCUSSION

## A.     The Governing Statutes

Section 4214 of Title 18 of the United Stated Code governs the revocation of parole in this case.[3]  Pursuant to § 4214(b)(1), conviction for any criminal offense while released on parole constitutes probable cause to believe that the parolee has violated a condition of his parole.  Following the parolee's conviction for the new offense, a parole revocation warrant may be placed against him as a detainer.  *Id*.; 28 C.F.R. §2.47(a) (2000)[4]; Heath v. United States Parole Coimmission, 788 F.2d 85, 88-89 (2d Cir. 1986).  A parolee who is serving a new sentence in a state or local institution is entitled to notice and a dispositional review of the detainer within 180 days after the Commission is notified of its placement.   18 U.S.C. § 4214(b)(1); 28 C.F.R. § 2.47(a)(2).   Following review, the Commission may withdraw the detainer, order that a revocation hearing be held where the parolee is then confined, or let the detainer stand and conduct a revocation hearing upon the parolee's return to federal custody.   18 U.S.C. § 4214(b)(3); 28 C.F.R. § 2.47(c). Where the detainer stands, the parolee shall receive a parole revocation hearing within 90 days of being retaken into federal custody.[5]  *Id*. at § 4214(c); 28 C.F.R. § 2.49(e) (2000).

---

[3]  The statutes that created the federal parole system, 18 U.S.C. §§ 4201-4218 were repealed in 1984.  However, they remain applicable to Powell because his federal sentence was for a crime committed prior to November 1, 1987, the date the United States Sentencing Guidelines became effective.  Hunt v. United States Parole Commission, 05 Civ. 8996, 2006 U.S. Dist. LEXIS 49846, at *9-10 (S.D.N.Y. Jul. 21, 2006) (citing Pub. L. No. 107-273, § 11017, 116 Stat. 1758, 1824 (2002), *reprinted in* 18 U.S.C. § 4202 note).

[4]  Reference is to the regulation in effect at the time the Commission issued its violator warrant. The Court notes that there have been no revisions to 28 C.F.R. § 2.47 through 2007.

[5]  Powell's claim that he should have received a parole revocation hearing after completing 24 months of his state sentence (Petition, ¶ 5), is without merit.  It is based on a provision that was deleted from 28 C.F.R. § 2.47 in 1987.

**B.    The Untimeliness of the Dispositional Review and Revocation Hearing**

Respondents concede that Powell did not receive a timely dispositional review of his warrant or a timely revocation hearing as mandated by the Commission's regulations. Powell's revocation hearing should have been held no later than July 23, 2005, but was not held until December 6, 2005, 225 days after his arrest.  However, respondents urge that: (1) since Powell now has received his revocation hearing, any procedural defect is cured; (2) Powell received a dispositional review of his warrant when the revocation hearing was held because the issues on which the warrant was predicated necessarily were addressed, and (3) Powell cannot demonstrate any prejudice as a result of the delay.

Absent prejudice or bad faith on the Commission's part, the appropriate remedy for the government's failure to comply with the time requirements pertaining to parole revocation is a writ of mandamus to compel the Commission's compliance with the statute, not a writ of habeas corpus to compel release on parole or to extinguish the remainder of a sentence.  Hunt v. United States Parole Commission, 05 Civ. 8996, 2006 U.S. Dist. LEXIS 49846, at *10 (S.D.N.Y. Jul. 21, 2006) (citations omitted); *see also*, Caldwell v. United States Parole Commission, 03 Civ. 9116, 2005 U.S. Dist. LEXIS 7952, at *7 n.3 (S.D.N.Y. Apr. 13, 2005) (citations omitted).  That is because the fact of delay does alone not establish a due process violation such that habeas relief will apply.  Habeas relief is available only where the petitioner also shows "that the delay was both 'unreasonable and prejudicial.'" King v. Hasty, 154 F. Supp. 2d 396, 401 (E.D.N.Y. 2001) (quoting Heath, 788 F.2d at 89-90).

Here, Powell characterizes the delay as unreasonable and contends that he has been prejudiced because, had the revocation hearing been timely held and his parole

revoked, he could have served at least part of the remainder of his federal sentence concurrent with his 2001 state sentence.  (Petition ¶¶ 5, 10.)  In other words, he claims that the Commission's delay has caused him to serve additional time in custody.

**1.      Mandamus Relief**

This Court finds that, to the extent Powell seeks a writ of mandamus, his request is moot.  Because Powell has now received a parole revocation hearing, albeit an untimely one, there is no mandamus relief to be granted.  This Court also concludes that a dispositional review of Powell's warrant necessarily occurred in the course of the revocation hearing on the violations alleged in the warrant.  Accordingly, Powell's request for a writ of mandamus is denied.

**2.      Habeas Corpus Relief**

To obtain habeas relief, Powell must show that the delay in holding his revocation hearing was both unreasonable and prejudicial such that his right to due process was violated.  Powell bases his claim of prejudice on the Commission's failure "to give [him] a parole revocation hearing after his completion of 24-months in confinement on his state sentence as required by 28 C.F.R. (Code of Federal Regulation) Section 2.47(b)(1)(a)." (Petition, ¶ 5.)

The provision on which Powell relies last appeared in the 1986 Code of Federal Regulations and provided that the revocation hearing for a parolee serving a new state or local sentence be scheduled: "(A) Upon return to a federal institution or (B) Upon completion of the period in confinement required by the minimum of the applicable guideline range as tentatively assessed, but not less than twenty-four months, whichever (A) or (B) comes first."  28 C.F.R. § 2.47(b)(1)(I) (1986).  Setting aside Powell's selective

7

reading of this provision, which sets twenty-four months as a minimum threshold, not a requirement, the provision on which he relies has since been revised and was not applicable at the time the Commission issued his parole violator warrant.  28 C.F.R. § 2.47 (1987) (citing 52 FR 17400, May 8, 1987).   The revised provision which, except for renumbering, remains unchanged to the present, reads as follows:

> (c)  If the prisoner is serving a new state or local sentence, the Regional Commissioner, following a dispositional review may:
>
> (1) . . . .
>
> (2) Order a revocation hearing to be conducted by a hearing examiner or an official designated by the Regional Commissioner at the institution in which the parolee is confined.
>
> (3)   Let the detainer stand and order further review at an appropriate time. If the warrant is not withdrawn and no revocation hearing is conducted while the prisoner is in state or local custody, an institutional revocation hearing shall be conducted after the prisoner's return to federal custody.

28 C.F.R. § 2.47(c) (2000).

The current regulation is consistent with the United States Supreme Court's decision in Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976).  There, the Supreme Court held that a federal parolee serving an independent intervening sentence in the same jurisdiction had no constitutional right to a prompt revocation hearing because the issuance of a warrant does not trigger the loss of liberty attendant to a parole violation; it is the execution of the warrant that does so.  Id. at 86-87.  In Heath, the Second Circuit extended that reasoning to instances where the warrant has been lodged as a detainer with the state prison authorities.  788 F.2d at 90-91.  The Second Circuit concluded that the detainer itself has no effect on protected liberty interests because it does "'no more than express the [Commission's] intent to defer consideration of parole revocation to a later

8

time.'" *Id*. at 91 (quoting Moody, 429 U.S. at 86).

In sum, at the time the Commission issued Powell's violator warrant, he had no right to receive a revocation hearing until the warrant was executed, following his release from state custody.  The decision to place the warrant as a detainer and execute it upon Powell's completion of his state sentence was within the Commission's discretion.

Beyond that, Powell offers no basis from which this Court can conclude that, had he received a timely revocation hearing, he would have been released from confinement earlier than his current release date of September 6, 2007.  It cannot be disputed that where, as here, a parolee is convicted of a new crime punishable by a term of imprisonment, the Commission is authorized to order the forfeiture of all the time otherwise creditable to the parolee following the date of parole from federal custody and also to determine whether the unexpired term of the federal sentence shall run concurrently or consecutively with the new sentence imposed.  Santa v. Tippy, 14 F.3d 157, 159 (2d Cir. 1994);  Heath, 788 F.2d at 91-92; 18 U.S.C. §§ 4210(b)(2) and 4214(d).

In Powell's case, by lodging the warrant as a detainer, the Commission expressed its intent to consider revocation only after Powell's state sentence had run.  This is consistent with the Commission's policy, as expressed in its regulations, that time served on an intervening sentence will not be credited toward the original federal sentence.  *See* 28 C.F.R. § 2.21(c) ("Time served on a new state . . . sentence . . . does not affect the computation of the expiration date of the violator term as proved by §§ 2.47(e) and 2.52 (c) and (d)).  Section 2.47 of Title 28 of the Code of Federal Regulations provides that:

> [I]t shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction, stopped running upon his last release from federal confinement on parole) again start to run only upon

9

release from the confinement portion of the new sentence . . . .

28 C.F.R. § 2.47(e)(2) (1987-2007).  Similarly, section 2.52 states that:

> [I]f a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty and such time shall not be credited to the service of the sentence.

28 C.F.R. § 2.52(c)(2).

Accordingly, Powell's claim that he was prejudiced by having the remainder of his federal sentence begin to run after the expiration of his state sentence is without merit. Moreover, in light of the 100-148 month reparole guideline range attendant to his violations, no earlier release date would have resulted even had Powell received his revocation hearing within 90 days of the execution of the warrant, as required.  Because Powell has not demonstrated that he was prejudiced by the delayed dispositional review and revocation hearing, habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated above, petitioner Jerome Powell's application for a writ of mandamus is denied as moot and his petition for a writ of habeas corpus is denied on the merits.

Because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and denies a certificate of appealability.

10

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  Further requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**ORDERS**

IT HEREBY IS ORDERED, that Petitioner Jerome Powell's Petition for a Writ of Habeas Corpus or, alternatively, a Writ of Mandamus (Docket No. 1) is DENIED.

FURTHER, that a certificate of appealability is DENIED.

FURTHER, that leave to appeal as a poor person is DENIED.

FURTHER, that the Clerk of this Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   August 2, 2007
            Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge
